<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EMORAL, INC. | Civil Action No. 13-5933 |
| CONTINENTAL INSURANCE CO. & CONTINENTAL CASUALTY CO., | OPINION |
| Plaintiffs, | |
| v. | |
| BENJAMIN A. STANZIALE, JR., et al., | |
| Defendants. | |

ARLEO, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court by way of Benjamin A. Stanziale, Jr., Chapter 7 Trustee for the Bankruptcy Estate's (the "Trustee") motion to withdraw the reference of this matter from the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). For the reasons set forth herein, the Trustee's motion is **DENIED WITHOUT PREJUDICE** to any party's right to move to withdraw this matter to this Court for trial.

### II. BACKGROUND

Emoral, Inc. ("Emoral") distributed natural and artificial flavoring ingredients, including Diacetyl. Beginning in or around December 2005, Emoral was named as a defendant in a number of lawsuits brought by individuals claiming to have suffered bodily injury from exposure

to Diacetyl (the "Diacetyl Actions"). In June 2011, Emoral filed a Chapter 7 bankruptcy petition.

Plaintiffs Continental Insurance Company and Continental Casualty Company (collectively, Plaintiffs) are putative insurers of Emoral. In this action, Plaintiffs seek a declaration of the rights and obligations of themselves, Emoral's other putative insurers, and Emoral for liability arising from the Diacetyl Actions. Benjamin A. Stanziale, Jr. was appointed Emoral's Chapter 7 Trustee.

Through the instant motion, the Trustee moves to withdraw the reference of this action to the Bankruptcy Court.

### III. ANALYSIS

Withdrawal of the reference of a matter to a bankruptcy court is governed by 28 U.S.C. § 157(d). This statute creates two forms of withdrawal: mandatory and permissive.

Mandatory withdrawal exists when "the 'resolution of the proceeding requires a substantial and material consideration of both Title 11 and non-code Federal law.'" Microbilt Corp. v. Fidelity Nat. Info. Servs., Inc., No. 68-4465, 2014 WL 6804465, at *2 (D.N.J. Dec. 3, 2014) (quoting In Re Anthony Tammaro, Inc., 56 B.R. 999, 1006–07 (D.N.J. 1986)).

"[P]ermissive withdrawal is appropriate 'for cause shown.'" Id. (quoting 28 U.S.C. § 157(d)). Courts within this Circuit have articulated a variety of factors to consider when determining whether "cause" exists to permissively withdraw the reference. The threshold factor to be considered in this analysis is whether the proceeding is "core" or "non-core." Id. at *3.[1]

---

[1] In this case, the parties agree that the action is non-core. Therefore, absent the parties' consent, the Bankruptcy Court cannot enter a final order and judgment in this action, but must instead submit to the Court proposed findings of fact and conclusions of law, which are to be reviewed *de novo*.

2

After making this determination, the Court will consider the remaining factors, including "whether withdrawal would: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtors' and creditors' resources; [] (4) expedite the bankruptcy process[;]" (5) whether the motion is timely; and (6) whether a jury trial has been requested. Id. at *3 (quoting In re Pruitt, 910 F.2d 1160, 1165 (3d Cir. 1990)); Id. at *5 n.8.

### A. Mandatory Withdrawal

The Trustee argues that mandatory withdrawal is warranted because the Federal Declaratory Judgment Act and New Jersey Uniform Declaratory Judgments Act are invoked in the Complaint. The Court disagrees. Mandatory withdrawal is only warranted when the action will require a "substantial and material consideration" of non-bankruptcy federal law. Microbilt, 2014 WL 6804465, at *2. First, the New Jersey Uniform Declaratory Judgments Act is not a federal statute. Second, it does not appear that the Bankruptcy Court, in deciding this action will need to engage in a "substantial and material consideration" of either declaratory judgment act. As such, there is no basis for mandatory withdrawal.

### B. Permissive Withdrawal

The parties do not dispute that the claims in this action are non-core. As such, this factor favors withdrawal of the reference. Additionally, the parties do not dispute that this motion is timely and that no jury trial is requested.

The Court, having considered the parties' arguments and applicable precedent, concludes that the Trustee's motion should be denied without prejudice to the Trustee's right to move to withdraw the reference if the matter proceeds to trial. This outcome will promote uniformity in bankruptcy administration by allowing the Bankruptcy Court to oversee this action along with all

other matters impacting the bankruptcy estate. Because the Diacetyl actions constitute a large portion of the claims against Emoral, allowing the Bankruptcy Court to manage this action may expedite the bankruptcy process and may foster settlement. Additionally, by proceeding before only one court, the economical use of the debtors' and creditors' resources will be promoted.

As noted above, because this action is non-core, the Bankruptcy Court would need to submit proposed findings of fact and conclusions of law to this Court for *de novo* review. Therefore, if the Court were to deny withdrawal with prejudice, this outcome would not conserve judicial resources by requiring two different tribunals to analyze the issues in this case *de novo*. This inefficiency is mitigated, however, by allowing the parties to move to withdraw if this action proceeds to a trial on the merits.

The Trustee's arguments do not alter the Court's conclusion. The Trustee argues that allowing the pretrial aspects of this case to proceed before the Bankruptcy Court with the possibility of this matter being removed to the District Court for trial would create confusion. If the Court granted the Trustee's motion to withdraw at this early stage of the litigation, however, pretrial proceedings would largely be handled by the assigned magistrate judge. As such, granting the motion would only add to confusion, increase cost, and adversely impact judicial economy by dividing various legal proceedings involving the bankruptcy estate amongst three federal judges.

The Trustee also argues that the "confusion surrounding the jurisdictional implications of the recent United States Supreme Court case of Stern v. Marshall . . . supports the withdraw [sic] the reference." (Def. Br., Dkt. No. 1-1, at 8). The Trustee fails, however, to explain either how the "confusion" created by that decision impacts the issues in this case or why withdrawing the reference will allay this "confusion." Additionally, the Court notes that the parties do not dispute that the claims in this action are non-core and that findings of fact and conclusions of law will need

to be submitted to this Court for a *de novo* review. As such, the Court, based upon the record before it, does not see how Stern casts a cloud over these proceedings.

Finally, for the reasons set forth above, the Court rejects the Trustee's arguments that permitting all pretrial proceedings to proceed before the Bankruptcy Court will negatively impact conservation of judicial resources, promote the uniformity of bankruptcy administration, expedite the bankruptcy process, and conserve party resources. See also GGG, LLC v. Indus. Risk Ins., No. 06-881, 2006 U.S. Dist. LEXIS 69163, at *4 (W.D. Pa. Sept. 26, 2006) (collecting cases holding that deferring withdrawal of the reference until trial is "appropriate, efficient, and logical"); G.E. Cap. Corp. v. Teo, No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *14-16 (D.N.J. Dec. 14, 2001).

### IV. CONCLUSION

For the reasons set forth herein, the Trustee's motion to withdraw the reference of this matter to the Bankruptcy Court [Dkt. No. 1] is **DENIED WITHOUT PREJUDICE**, and this matter will be closed. An appropriate Form of Order accompanies this Opinion.


**Dated: February 5, 2015**                 */s Madeline Cox Arleo*
                                            **Hon. Madeline Cox Arleo**
                                            **United States District Judge**